# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2010

No. 10-30077
Summary Calendar

Lyle W. Cayce
Clerk

JASON B. ROCHON,

> Plaintiff – Appellant

v.

AXA EQUITABLE LIFE INSURANCE COMPANY, formerly known as Equitable Life Insurance Society of the United States,

> Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-5023

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The beneficiary under an insurance policy appeals from the dismissal of his claims, which were held barred as untimely. We AFFIRM.

On November 3, 1997, AXA Equitable Life Insurance Company issued a disability income policy to Jason B. Rochon. Rochon submitted a claim on September 27, 1999, for a disabling mental illness, the onset of which began on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30077

October 1, 1998.  AXA denied the claim on December 30, 1999 due to Rochon's failure to disclose a preexisting mental illness at the time of his application for the policy.  Almost eight years later, on October 17, 2007, Rochon filed suit alleging a wrongful denial of benefits.  The district court granted summary judgment for AXA.  Rochon's claims were held to be barred by the policy's three-year prescriptive period.  The issues on appeal are legal ones, which are reviewed *de novo*. *Bradley v. Allstate Ins. Co.*, 606 F.3d 215, 222 (5th Cir. 2010).

In the district court and now on appeal, Rochon argues that AXA cannot simultaneously deny benefits under the policy on the basis that it was void *ab initio* and also assert his claims are time barred due to the prescriptive period in Section 10.4 of the policy.  Rochon is mistaken.  "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically" and "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2) & (3).

Rochon also argues that the prescriptive period in the policy should be voided because it is adhesionary.  Instead, the ten-year prescriptive period in Louisiana Civil Code Article 3499 should apply.  However, the statutory prescription period applies "[u]nless otherwise provided by legislation." La. Civ. Code art. 3499.  Two statutes address the prescriptive periods for insurance policies.  One provides that the insured must furnish proof of loss within ninety days after the end of the period for which he claims benefits, and no action shall be brought more than one year after the time the proof of loss is required.  La. Rev. Stat. Ann. § 22:975(5), (11).  The other provides that an insurance policy cannot limit the insured's time to file a first party claim to less than two years. *Id*. § 22:868(B).  This policy validly allowed three years.

Rochon filed a claim on September 27, 1999 for the period October 1, 1998 to September 27, 1999.  He therefore needed to provide a written proof of loss by

December 26, 1999. He also needed to file his lawsuit by December 26, 2002. Rochon waited almost eight years to file suit. His claims are prescribed.

Third, Rochon's claims that the policy is adhesionary similarly fail because the prescriptive period in the policy is required by Louisiana law and is actually more favorable than the two-year and one-year periods provided in Section 22:868. *See* La. Rev. Stat. Ann. § 22:975(A) (setting forth provisions that are required in health and accident insurance policies). Further, the policy properly provided that Rochon consented to the policy upon delivery and payment of the first premium. No signature on the policy itself was required for consent.

Finally, Rochon argues that his disability is an "ongoing disability" that precludes any finding that his claims for attorney's fees and penalties are not prescribed under this statutory provision: "No action for the recovery of penalties or attorney fees provided in this Section shall be brought after the expiration of one year after the date proofs of loss are required to be filed." La. Rev. Stat. Ann. § 22:1821(E). Proof of loss in this case was required ninety days after the termination of the period for which Rochon claimed he was entitled to benefits.

We agree with the district court that by Rochon's analysis, the ninety-day period for which an insured is required to file a written proof of loss would continue indefinitely, regardless of the insured's inaction. Rochon failed to pursue his claim for almost eight years after AXA denied him disability benefits. His claim for attorney's fees and penalties are prescribed.

AFFIRMED.